MeCLENDON, J.,
concurs and assigns reasons.
LI disagree with the majority’s conclusion that Exhibit B, a document introduced by NorthShore in support of the confirmation of the default judgment, was not an insurance policy. The document provides that “This policy is a CONTRACT OF INSURANCE” and it does include certain terms and conditions. The document also provides that “A numbered validation Certificate must be attached to this page to make this document a valid insurance policy,” and a numbered validation certificate is attached thereto. Accordingly, I cannot conclude that the trial court manifestly erred in determining that Exhibit B was an insurance policy.
The document, however, does not sufficiently establish the identity of the insurer. The document references “Atlasdirect,” “Atlasinsurance,” and “Atlas Travel Insurance Services Limited.” The document also provides that “This policy is underwritten by Whitehorse Insurance Ireland Ltd an EU regulated insurance company established in Ireland and licensed by the Irish Financial Services Regulatory Authority.” NorthShore introduced nothing further to establish the insurer’s identity. In light of the foregoing, NorthShore failed to establish that Atlas Travel Insurance Services Limited, d/b/a Atlas Direct is the insurer responsible for Ms. Dill’s medical expenses. As such, I concur with the result reached by the majority.